## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GLOBAL POWER EQUIPMENT GROUP<br>INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 06-11045 (BLS)<br>Jointly Administered |

### NOTICE OF APPEAL

PLEASE TAKE NOTICE that SNC-Lavalin Power Ontario, Inc., a creditor and party-in-interest in a contested matter in the above-captioned chapter 11 cases, hereby appeals to the United States District Court for the District of Delaware from the United States Bankruptcy Court's *Order Sustaining Estate Parties' Objections to Proofs of Claim Nos. 1099 and 1100 Filed by SNC-Lavalin Power Ontario Inc. and Temporarily Allowing for Plan Voting Purposes Claim No. 1099* entered on December 21, 2007 (D.I. 2236).

The names of all parties to the judgment, order, or decree appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

| **Party** | **Counsel** |
|---|---|
| **Global Power Equipment Group, Inc.**<br>**Deltak, L.L.C.**<br>**("Debtors')** | WHITE & CASE LLP<br>John K. Cunningham<br>Frank L. Eaton<br>Matthew C. Brown<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, 49th Floor<br>Miami, FL 33131<br>(305) 379-2700<br><br>and |

|  | THE BAYARD FIRM<br>Jeffrey M. Schlerf<br>Eric M. Sutty<br>Mary E. Augustine<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801<br>(302) 655-5000 |
|---|---|
| **Official Committee of Unsecured Creditors** | SCHULTE ROTH & ZABEL LLP<br>Jeffrey S. Sabin<br>David M. Hillman<br>919 Third Avenue<br>New York, NY 10022<br>(212) 756-2000<br><br>and<br><br>LANDIS RATH & COBB LLP<br>Adam G. Landis<br>John H. Strock<br>919 Market Street<br>Suite 600<br>Wilmington, DE 19801<br>(302) 467-4400 |
| **Official Committee of Equity Security Holders** | BROWN RUDNICK BERLACK ISRAELS LLP<br>Steven D. Pohl<br>One Financial Center<br>Boston, MA 02111<br>(617) 856-8200<br><br>And<br><br>BROWN RUDNICK BERLACK ISRAELS LLP<br>Howard L. Siegel<br>City Place I<br>185 Asylum Street<br>Hartford, CT 06103 |

          and

          SAUL EWING LLP
          Mark Minuti
          222 Delaware Avenue, Suite 1200
          P.O. Box 1266
          Wilmington, DE 19899
          (302) 421-6800

**Office of the U.S. Trustee**          David Michael Klauder
          844 King Street
          Suite 2207
          Wilmington, DE 19801
          (302) 573-6491

Dated: December 27, 2007
       Wilmington, Delaware

          WILLIAM D. SULLIVAN, LLC

          /s/ William D. Sullivan
          William D. Sullivan (No. 2820)
          Elihu E. Allinson, III (No. 3476)
          4 East 8th Street, Suite 400
          Wilmington, DE 19801
          (302) 428-8191

          – and –

          Patrick P. Dinardo
          Paul E. Summit
          Pamela Smith Holleman
          SULLIVAN & WORCESTER LLP
          One Post Office Square
          Boston, MA 02109
          (617) 338-2800

          ***Attorneys for Appellant SNC-Lavalin***
          ***Power Ontario, Inc.***

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>GLOBAL POWER EQUIPMENT GROUP<br>INC., et al.,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 06-11045 (BLS)<br>)<br>) Jointly Administered<br>)<br>) Re: Docket Nos. 1579, 1581, 1943, 2068, and<br>) 2069 |

**ORDER SUSTAINING ESTATE PARTIES' OBJECTIONS TO PROOFS OF CLAIM
NOS. 1099 AND 1100 FILED BY SNC-LAVALIN POWER ONTARIO INC. AND
TEMPORARILY ALLOWING FOR PLAN VOTING PURPOSES CLAIM NO. 1099**

Upon consideration of (1) the objections (the "Objections")[1], filed by Global Power Equipment Group Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to proof of claim number 1099 (the "SNC Deltak Claim") and proof of claim number 1100 (the "SNC GPEG Claim") filed by SNC-Lavalin Power Ontario Inc. ("SNC") and joined by the Official Committee of Unsecured Creditors (the "Creditors' Committee") and the Official Committee of Equity Security Holders (the "Equity Committee," which together with the Creditors' Committee and the Debtors are collectively referred to as the "Estate Parties"); (2) the Joint Motion of Estate Parties Pursuant to Bankruptcy Rule 3018 to Determine the Temporarily Allowed Amount of SNC Claim No. 1099 for Plan Voting Purposes filed by the Estate Representatives (the "Estate 3018 Motion"); (3) the Motion of SNC-Lavalin Power Ontario, Inc., Pursuant to Bankruptcy Rule 3018 to Temporarily Allow Its Claim No. 1099 for Plan Voting Purposes, and for Related Relief, and (II) Opposition to Joint Motion of Estate Parties Pursuant to Rule 3018 (the "SNC 3018 Motion"); and (4) the Motion of SNC-Lavalin Power Ontario, Inc.

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Objections or the Estate 3018 Motion.

{00710708;v1}

Pursuant to 11 U.S.C. Section 502(c) to Temporarily Allow Its Claim No. 1100 for the Purpose of Assessing Feasibility of the First Amended Joint Chapter 11 Plan of Reorganization for Global Power Equipment Group Inc. and Its Affiliated Debtors Pursuant to 11 U.S.C. Section 1129(a)(11), and for Related Relief (the "SNC 502(c) Motion"); and it appearing that the Court has jurisdiction over these matters; and it appearing that notice of the Objections the Estate 3018 Motion, the SNC 3018 Motion and the SNC 502(c) Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Objections and the Estate 3018 Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and upon all of the proceedings before the Court and considering all the submissions by the parties; and this Court having issued a ruling on these matters on the record on December 17, 2007 following a trial on the merits (the "Trial Ruling"); and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Objections be, and hereby are, SUSTAINED for the reasons set forth in the Trial Ruling; and it is further

ORDERED that the SNC GPEG Claim be, and hereby is, disallowed and expunged in its entirety for the reasons set forth in the Trial Ruling and the SNC 502(c) Motion is therefore moot; and it is further

ORDERED that pursuant to the Trial Ruling the amount of the SNC Deltak Claim shall be subject to and governed by the terms of that certain Completion Agreement dated as of November 30, 2006 between SNC and Deltak (the "SNC Completion Agreement") including the cap and stepdown provisions thereof (the amount of the claim cap as applicable from time to time under the SNC Completion Agreement being herein referred to as the "Capped Claim Amount") so that the current Capped Claim Amount is CDN$34,996,634 and the Capped Claim

Amount shall be reduced further upon and subject to satisfaction of the successive stepdown milestones set forth in the SNC Completion Agreement in accordance with the procedures set forth below (the "Reduction Procedures"); and it is further

ORDERED that the following Reduction Procedures are hereby approved:

(i) To the extent the Debtors or their successors determine that a future stepdown milestone has been satisfied pursuant to the SNC Completion Agreement, the Debtors shall provide written notice (the "Reduction Notice") by facsimile, electronic mail or overnight mail to (a) SNC's counsel and (b) counsel to each of the Committees or the Deltak Plan Administrator (as defined in the Plan) (collectively, the "Notice Parties") stating that the Debtors or their successors intend to reduce the amount of the SNC Deltak Claim to the Capped Claim Amount corresponding to the satisfaction of the applicable stepdown milestone. The Reduction Notice shall set forth the then applicable Capped Claim Amount.

(ii) If none of the Notice Parties serve the Debtors or their successors with a written objection to the proposed reduction in a manner so that it is <u>actually received</u> by the Debtors or their successors within seven (7) days after the date the Debtors send the Reduction Notice (the "Notice Period"), or if any such objection is received and resolved, the Debtors shall be authorized to reduce the amount of the SNC Deltak Claim to the then applicable Capped Claim Amount without further notice or Court order.

(iii) If the Debtors or their successors receive a written objection from any Notice Party prior to the expiration of the Notice Period, and the Debtors or their successors are unable to resolve such objection, the Debtors or their successors will not reduce the amount of the SNC Deltak Claim to the then applicable Capped Claim Amount without first obtaining this Court's approval. The Debtors or their successors may schedule a hearing on such objection at the next regularly scheduled omnibus hearing upon 10 days prior notice to the Notice Parties;

and it is further

ORDERED that for the reasons set forth in the Trial Ruling, the SNC Deltak Claim be, and hereby is, temporarily allowed for voting purposes with respect to the Plan in the amount of CDN$6,999,326.80 which, converted to United States currency as of the date of the filing of the Debtors' chapter 11 petitions pursuant to 11 U.S.C. § 502(b) is US$6,302,840.50 (the "Voting Amount") and the Balloting Agent shall reflect SNC's vote to reject the Plan in the Voting Amount. Any relief sought to the contrary in the SNC 3018 Motion is hereby denied; and it is further

ORDERED that as set forth in the Trial Ruling, this Court has not ruled on SNC's asserted administrative expense claim filed on November 29, 2007 and the rights of all parties, including, without limitation, SNC, the Debtors, the Creditors' Committee and the Equity Committee, shall be fully reserved; and it is further

ORDERED that notwithstanding the approval of the Reduction Procedures, SNC retains all rights under the SNC Completion Agreement, arising after the date of entry of this Order, including without limitation the right to terminate the SNC Completion Agreement pursuant to its terms, and the right to assert that SNC's claim for Rejection Damages (as defined in the SNC Completion Agreement) may exceed the Capped Rejection Damages Claim (as defined in the SNC Completion Agreement) based on willful misconduct and/or intentional fraud by Deltak or its affiliates occurring after the date of entry of this Order; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       December 21, 2007

                                    _____
                                    The Honorable Brendan L. Shannon
                                    UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

## APPEAL TRANSMITTAL SHEET

Case Number: __06-11045__   ● BK   ○ AP
If AP, related BK Case Number: _____

Title of Order Appealed:
See attachment

Docket Number: __2236__   Date Entered: __12/21/07__

Item Transmitted:   ● Notice of Appeal        ○ Motion for Leave to Appeal
                    ○ Amended Notice of Appeal ○ Cross Appeal
Docket Number: __2238__   Date Filed: __12/27/07__

*Appellant/Cross Appellant:
SNC-Lavalin Power Ontario, Inc.

*Appellee/Cross Appellee
see attachment

Counsel for Appellant:
William D. Sullivan
Elihu E. Allinson, III
4 East 8th Street, Suite 400
Wilmington, DE 19801
(302) 428-8191

Counsel for Appellee:
see attachment

*If additional room is needed, please attach a separate sheet.

Filing Fee paid?  ● Yes   ○ No

IFP Motion Filed by Appellant?   ○ Yes   ● No

Have Additional Appeals to the Same Order been Filed?   ○ Yes   ● No
   If so, has District Court assigned a Civil Action Number?   ○ Yes   ○ No   Civil Action # _____

Additional Notes:
Appellee's Designation has not been filed

1/11/08
Date

By: M. Lopez
Deputy Clerk

FOR USE BY U.S. BANKRUPTCY COURT

Bankruptcy Court Appeal (BAP) Number: __07-107__
7/6/06

**Attachment**

**Title of Order Appealed:**
Order Sustaining Estate Parties' Objections to Proofs of Claim Nos. 1099 and 1100 Filed by SNC-Lavalin Power Ontario Inc. and Temporarily Allowing for Plan Voting Purposes Claim No. 1099

**Appellee/Cross Appellee:**
Global Power Equipment Group, Inc, et al.

**Counsel for Appellee:**

| | |
|---|---|
| White & Case LLP | Jeffrey M. Schlerf |
| John K. Cunningham | Eric M. Sutty |
| Frank L. Eaton | Mary E. Augustine |
| Matthew C. Brown | The Bayard Firm |
| Wachovia Financial Center | 222 Delaware Avenue, Suite 900 |
| 200 South Biscayne Boulevard, 49th Floor | Wilmington, DE 19801 |
| Miami, FL 33131 | (302) 655-5000 |
| (305) 379-2700 | |

(and)

**Appellee/Cross Appellee:**
Official Committee of Unsecured Creditors

**Counsel for Appellee:**

Jeffrey S. Sabin                and    Adam G. Landis
David M. Hillman                       John H. Strock
Schulte Roth & Zabel LLP               Landis Rath & Cobb LLP
919 Third Avenue                       919 Market Street
New York, NY 10022                     Suite 600
(212) 756-2000                         Wilmington, DE 19801
                                       (302) 467-4400

**Appellee/Cross Appellee:**
Official Committee of Equity Security Holders

**Counsel for Appellee:**

Steven D. Pohl                  and    Howard L. Siegel
Brown Rudnick Berlack Israels LLP      Brown Rudnick Berlack Israels LLP
One Financial Center                   City Place 1
Boston, MA 02111                       185 Asylum Street
(617) 856-8200                         Hartford, CT 06103

Mark Minuti
Saul Ewing LLP

222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6800