IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>GLOBAL POWER EQUIPMENT GROUP INC., *et al.*,<br><br>            Debtors. | Chapter 11<br><br>Case No. 06-11045 (BLS)<br>Jointly Administered<br><br>*(Claims Order Appeal)*<br>**D.I. 2238** |

**APPELLANT'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8006**

Appellant SNC-Lavalin Power Ontario, Inc. ("SNC"), having filed a Notice of Appeal on December 27, 2007, from the order of the Bankruptcy Court (Shannon, J.), entered on December 21, 2007 (D.I. 2236), which Order entered final judgment sustaining objections by appellees including the debtors, the Official Committee of Unsecured Creditors and the Official Committee of Equity Security Holders in the above-captioned Chapter 11 cases (collectively, the "Estate Parties"), to Proofs of Claim Nos. 1099 and 1100 filed by SNC, hereby designates the following items for inclusion in the record on appeal and sets forth a statement of issues to be presented on appeal:

**DESIGNATION OF CONTENT OF RECORD ON APPEAL**

**I.    Bankruptcy Court Pleadings**

| D.I. # | Document (filed date) |
|---|---|
|  | SNC Proof of Claim filed against Deltak, Claim No. 1099 (March 24, 2007) |
|  | SNC Proof of Claim filed against GPEG, Claim No. 1100 (March 24, 2007) |
| 5 | Debtors' Motion Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) for an Extension of Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs (9/29/2006) |

{B0712851;1}

| | |
|---|---|
| 12 | Debtor's Motion Pursuant to 11 U.S.C. §§ 105, 363 and 365 for an Order Authorizing Debtors to (I) Wind Down Operations of the Heat Recovery Steam Generation Business Segment Operated by the Deltak Debtors, (II) Reject Certain Executory Contracts in Connection Therewith, and (III) Implement Procedures for the Orderly Completion of Work in Progress (9/29/2006) |
| 18 | Affidavit of John M. Matheson in Support of First Day Motions and Applications (9/29/2006) |
| 60 | Order Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) Granting Extension of Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs (10/3/2006) |
| 64 | Order Granting in Part Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363 and 365 for an Order Authorizing Debtors to (I) Wind Down Operations of the Heat Recovery Steam Generation Business Segment Operated by the Deltak Debtors, (II) Reject Certain Executory Contracts in Connection Therewith, and (III) Implement Procedures for the Orderly Completion of Work in Progress (10/3/2006) |
| 104 | Notice of Appointment of Committee of Unsecured Creditors (10/10/2006) |
| 131 | Debtors' Motion Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) for an Additional Extension of Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs (10/19/2006) |
| 191 | Order Establishing Procedures for Interim Compensation and Reimbursement of Chapter 11 Professionals and Committee Members (10/26/2006) |
| 193 | Interim Order Regarding Creditor Access to Information and Setting and Fixing Creditor Information Sharing Procedures and Protocols Under 11 U.S.C. §§ 105(a), 1102(b)(3) and 1103(c) (10/26/2006) |
| 236 | Objection of the United States Trustee to the Debtors' Motion Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) for an Additional Extension of Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs (Docket Entry #131) (11/2/2006) |
| 262 | Order Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) Granting an Additional Extension of Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and |

| | |
|---|---|
| | Statements of Financial Affairs (11/7/2006) |
| 323 | Debtors' Emergency Motion to Approve Certain Heat Recovery Steam Generation Completion Agreements (11/15/2006) |
| 371 | Order Granting Debtors' Emergency Motion to (I) Supplement and Clarify the Amended Wind Down Order to Allow the Debtors to Enter into Certain HRSG Completion Agreements and (II) Approve Procedures for the Assumption and Assignment of Executory Contracts Relating to HRSG Projects (11/21/2006) |
| 393 | Schedules (11/27/2006) (Schedule G omitted) |
| 625 | Debtors' Monthly Operating Report, for October, 2006 (1/8/2007) |
| 962 | Notice of Filing of Amendment to Schedule "G" of Schedule of Assets and Liabilities for Deltak, L.L.C. (3/23/2007) |
| 963 | Notice of Filing of Amendment to Schedule "F" of Schedule of Assets and Liabilities for Global Power Equipment Group Inc. (3/23/2007) |
| 1826 | Affidavit of Gregory Tardanico (10/16/2007) |
| 1827 | Affidavit of Patrick P. Dinardo (10/16/2007) |
| 1912 | Excerpt from Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of Reorganization for Global Power Equipment Group Inc. and its Affiliated Debtors *(Section V (Certain Affiliate Transactions))* (10/31/2007) |
| 1960 | Debtors' Response to First Set of Interrogatories by Claimant SNC-Lavalin Power Ontario, Inc. to Debtors Global Power Equipment Group Inc., et al. (11/7/2007) |
| 2014<br>2017 (Amended) | Supplement to Debtors' Responses to First Set of Interrogatories by Claimant SNC-Lavalin Power Ontario, Inc. to Global Power Equipment Group Inc., et al. (11/16/2007) |
| 2118 | Debtors' Responses to Second Set of Interrogatories by Claimant SNC-Lavalin Power Ontario, Inc. to Debtors (12/3/2007) |
| 2236 | Order Sustaining Estate Parties' Objections to Proofs of Claim Nos. 1099 and 1100 Filed by SNC-Lavalin Power Ontario Inc., entered December 21, 2007. |
| 2237 | Transcript of Hearing on the Estate Parties' objections to Proofs of Claim Nos. 1099 and 1100 filed by SNC (December 14, 2007). |

2238   Notice of Appeal (dated December 27, 2007).

2246   Transcript of Hearing on the Estate Parties' objections to Proofs of Claim Nos. 1099 and 1100 filed by SNC (December 14, 2007).

Transcript of Hearing on the Estate Parties' objections to Proofs of Claim Nos. 1099 and 1100 filed by SNC (December 17, 2007)

2248   Clerk's Notice Regarding Filing of Appeal (1/4/2008).

## II. Trial Exhibits
### (as filed with the Bankruptcy Court on December 12-13, 2007)
### (SNC Binders I-V)

**A.** Affidavit of Gilles Laramee, dated December 12, 2007

Ex. A: Purchase Order No. 59000010

Ex. B: PR Newswire Article, dated September 28, 2006

Ex. C: Letter from Jacques Lamarre to Larry Edwards, dated October 20, 2006

Ex. D: Letter from Patrick Dinardo to Jeffrey Sabin, dated October 30, 2006

Ex. E: Letter from Jeffrey Sabin to Patrick Dinardo, dated November 4, 2006

Ex. F: Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtor's Schedules and Statements

Ex. G: Completion Agreement, dated November 30, 2006

Ex. H: E-Mail from John Franks to Timothy Sambrano, dated November 8, 2006

Ex. I: E-Mail from John Franks to Elayna Conner, dated March 15, 2007

Ex. J: Historic GPEG Net Activity: GPEG I/C Cash Account Activity

**B.** Second Affidavit of Gregory Tardanico, dated December 12, 2007

Ex. 1: Handwritten Notes, dated January 24 and 26

Ex. 2: E-Mail from Bob Black to Jack Terranova and Daniel Girard, dated September 14, 2006

Ex. 3: E-Mail from Jack Terranova to Scott Neumeister, dated September 20, 2006

    Ex. 4: E-Mail from Greg Tarandico to Jack Terranova and Bob Black, dated September 25, 2006

    Ex. 5: E-Mail from Jack Terranova to David Lund, dated October 10, 2006

**C.** Affidavit of Martin Tollefson, dated December 12, 2007

    Ex. 1: Relevant Portions of the Completion Agreement

**D.** Affidavit of Stephen Darr, dated December 11, 1007

    Ex. A: Cirriculum Vita of Stephen B. Darr

    Ex. B: Report of Stephen B. Darr

    Ex. C: E-Mail from John Franks to Elayna Conner, dated March 15, 2007

**E.** Affidavit of Roger P. Bridges, dated December 12, 2007

**F.** SNC's Designation of the Deposition of Larry Edwards, including Edwards Deposition Exhibits ("LDE") 1 and 2:

    LDE 1    Global Power Equipment Group Inc. Minutes of the Special Meeting of the Board of Directors, dated June 27, 2006

    LDE 2    Global Power Equipment Group Inc. Minutes of the Special Meeting of the Board of Directors, dated August 29, 2006

**G.** SNC's Designation of Deposition of James P. Wilson, including Wilson Deposition Exhibits ("WDE") 1-13:

    WDE 1    Confidential GPEG Intercompany Account Reconciliations (After Interest and Admin Allocation), dated September 30, 2006

    WDE 2    Declaration Concerning Debtor's Schedules, dated November 20, 2006, signed by James P. Wilson, Officer (Deltak)

    WDE 3    Email Memorandum from Steven D. Pohl to Diane Sitkowski, dated November 22, 2006 at 9:51 a.m., re: 7/31/06 Intercompany Reconciliation, attaching email of Keoni McGill (White & Case) to Yoon Song, dated November 15, 2006

    WDE 4    Confidential email from Jay Bradford to M. Hanson, dated November 5, 2006, at 2:52 p.m. re: I/C Reporting and Williams Bonding

    WDE    Confidential emails to/from John Cunningham, dated October 18-19, 2006

| | | |
|---|---|---|
| WDE 5 | | Confidential GPEG Balance Sheet, dated September 30, 2006 |
| WDE 6 | | Summary of Schedules filed by Deltak LLC in U.S. Bankruptcy Court/District of Delaware (Subject to Global Notes and Specific Notes to these Schedules) |
| WDE 7 | | |
| WDE 8 | | Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding Debtor's Schedules and Statements, filed by Deltak LLC in U.S. Bankruptcy Court/District of Delaware |
| WDE 9 | | Confidential GPEG Inter-Company Cash Account Summary, prepared by Alvarez & Marsal, dated March 16, 2007 |
| WDE 10 | | Confidential email from Ron Sepiol to Jack Tarranova, dated January 18, 2006 at 8:35 p.m. re: 5976- SNC/Goreway Outstanding Commercial Issues Response |
| WDE 11 | | Email from Ron Sepiol to Jack Terranova, dated January 18, 2006 at 7:35 p.m., re: 5976-SNC/Goreway Outstanding Commercial Issues Response |
| WDE 12 | | Change Order No. 1 to Purchase Order No. 59000010, dated February 23, 2006 and (Purchase Order No. 59000010 between SNC and Deltak, dated January 26, 2006) |
| WDE 13 | | Agreement titled PARENT COMPANY GUARANTEE to Maasvlakte Energie B.V. given and delivered by Global Power Equipment Group, Inc. and dated January 13, 2005 |

H. SNC's Designation of Monte Ness's Deposition Transcript, including Ness Deposition Exhibits ("<u>NDE</u>") 1-15:

NDE 1   Change Order No. 1 to Purchase Order No. 59000010, dated February 23, 2006 and (Purchase Order No. 59000010 between SNC and Deltak, dated January 26, 2006)

NDE 2   Email from John Davies to Jack Terranova, dated January 17, 2006 at 6:17 p.m., with attached Deltak Commercial Proposal No. 5976-7, dated January 12, 2006

NDE 3   Email from Victor Ferris to Ron Sepiol, dated January 18, 2007 at 9:07 p.m., re: 5976-SNC/Goreway Outstanding Commercial Issues Response, attaching email from Ron Sepiol to Jack Terranova, dated January 18, 2006 at 7:35 p.m., re: 5976-SNC/Goreway Outstanding Commercial Issues Response

NDE 4   Email from Carol Kollodge to Jeff Ehm, dated September 12, 2006 at 5:43 p.m., with attached Deltak Parental Guarantees List of 6.13.06

NDE 5   *GP Investor Relations* Press Release:
"Global Power Equipment Group Inc. Expects to Restate Fiscal 2004 and Quarterly 2005 Results Due to Misreported Gross Profit on Two Completed Projects in China

and Provides Preliminary Fourth Quarter Earnings Estimate"

NDE 6  Completion Agreement (Execution Copy), dated November 30, 2006

NDE 7  Direct Payment Agreement, dated November 22, 2206, between SNC-Lavalin Power Ontario Inc., Deltak LLC, and Deltak Power Equipment China Co., Ltd.

NDE 8  Email from Greg Tardanico to Tom Edgar, Monte Ness and Edmund Tan, dated January 17, 2007 at 6:25 p.m. re" DPEC payment methodology for Goreway Module Shipments

NDE 9  Purchase Order, dated November 2, 2006, between Deltak LLC and Deltak Power Equipment China

NDE 10  Letter dated February 15, 2007, from Greg Tardanico, VP of Procurement/Contracts (SNC) to Monte Ness, President (Deltak) re: SNC-Lavalin Power Ontario, Inc./Deltak LLC Completion Agreement—Sithe Global Power Goreway ULC Project, attaching email from Monte Ness to Edmund Tan, Liu Xiaosong, Yanjinlan, dated February 2, 2007, at 1:33 p.m. re: Payment on SNC Goreway

NDE 11  Letter dated February 20, 2007, from Mike Ranz to Monte Ness, President (Deltak), re: SNC-Lavalin Power Ontario, Inc./Deltak LLC Completion Agreement—Sithe Global Power Goreway ULC Project

NDE 12  Qualcon, Inc. Technical Report, dated February 8-9, 2007 re: Material Failure Analysis; SA210-C Fin Tubes

NDE 13  Deltak Report, dated February 18, 2007, re: Rejection and replacement of four tubes during shop hydro test at Deltak Power Equipment China, attaching (i) materials Evaluation and Engineering, Inc. Laboratory Report, dated February 15, 2007, re: Evaluation of Four Heat Exchanger Tube Sections; and (ii) Report on the Leaking Tubes of G06003

NDE 14  Agreement Letter (Translated Copy) from Jiangxi Hongdu Steel Works to Deltak Power Equipment (China) Co., Ltd., dated December 30, 2006, translated January 26, 2007

NDE 15  Handwritten notes [of Greg Tardanico], dated January 24-26, [2006].

I. SNC's Designation of Michael Hanson's Deposition Transcript, including Hanson Deposition Exhibits ("HDE") 1-10:

HDE 1  Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of Reorganization for Global Power Equipment Group Inc. and its Affiliated Debtors, dated October 30, 2007

HDE 2  Confidential GPEG Intercompany Account Reconciliations (After Interest and Admin Allocation), dated September 30, 2006

HDE 3  Confidential GPEG Balance Sheet, dated September 30, 2006

HDE 4  Confidential GPEG Inter-Company Cash Account Summary, dated March 16, 2007

HDE 5  Confidential Letter from Donald Harer, Sr. Director (Alvarez & Marsal) to Frank Eaton (White & Case LLP), dated March 15, 2007

HDE 6  Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding Debtor's Schedules and Statements, dated November 27, 2006

HDE 7  GPEG MONTHLY OPERATING REPORT, dated October, 2006, filed with the U.S. Bankruptcy Court/District of Delaware on January 8, 2007 and signed by Michael Hanson, CFO of Debtor

HDE 8  *GP Investor Relations* Press Release: "Global Power Equipment Group Inc. Files Voluntary Chapter 11 Reorganization," dated September 28, 2006

HDE 9  *Global Power Equipment Group 2004 Annual Report* (pp. 1, 12, 23, 27-28)

HDE 10  Email Memorandum from Steven D. Pohl to Diane Sitkowski, dated November 22, 2006 at 9:51 a.m., re: 7/31/06 Intercompany Reconciliation, attaching email of Keoni McGill (White & Case) to Yoon Song, dated November 15, 2006

J. SNC's Designation of the Deposition of Candice Cheeseman, including Cheeseman Deposition Exhibits ("CDE") 1-4:

CDE 1  Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) and Fed. R. Bankr. P. 7030(b)(6), dated November 27, 2007

CDE 2  Email from Kate Sallie to Bill Sullivan, dated December 7, 2007, containing: (i) Global Power Equipment Group Inc. Memorandum of Action of the Audit Committee of the Board of Directors, dated March 31, 2006; (ii) Global Power Equipment Group Inc. Minutes of the Special Meeting of the Audit Committee of the Board of Directors, dated March 26, 2006; (iii) Global Power Equipment Group Inc. Minutes of the Meeting of the Audit Committee of the Board of Directors, dated May 3, 2006; (iv) Global Power Equipment Group Inc. Minutes of the Special Meeting of the Board of Directors, dated June 27, 2006; (v) Global Power Equipment Group Inc. Minutes of the Special Meeting of the Audit Committee of the Board of Directors, dated June 27, 2006; (vi) Global Power Equipment Group Inc. Minutes of the Special Meeting of the Board of Directors, dated July 20, 2006; (vii) Memorandum to File, from Candice Cheeseman, dated March 27, 2006 re: Board Call

| | |
|---|---|
| CDE 2A | Global Power Equipment Group Inc. Minutes of the Special Meeting of the Audit Committee of the Board of Directors, dated June 27, 2006 |
| CDE 3 | Affidavit of Candice Cheeseman, General Counsel and Secretary of the Debtors, dated October [29], 2007 |
| CDE 4 | Amended Affidavit of Candice Cheeseman, General Counsel and Secretary of the Debtors, dated October [29], 2007 |

**K.** SNC's Designation of the Deposition of Mardi DeVerges (no Exhibits)

**L.** John Franks Deposition Exhibits ("FrEx") 3-11:

| | |
|---|---|
| FrEx 3 | Alix Partners Agreement for Bankruptcy Administration Services, dated September 15, 2006 |
| FrEx 4 | e-mail correspondence from Timothy Sambrano to John Franks dated October 23, 2006 re: intercompany balances |
| FrEx 5 | GPEG, Inc. Intercompany Detail. Source: 8/31/2006 Trial Balances |
| FrEx 6 | Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtor's Schedules and Statements |
| FrEx 7 | e-mail correspondence from John Franks to Timothy Sambrano dated November 8, 2006 re: Summary Report |
| FrEx 8 | e-mail correspondence from John Franks to Dalton Ryan dated November 10, 2006 |
| FrEx 9 | e-mail correspondence from John Franks to Meade Monger, dated March 14, 2007 re: GPEG Claims Call This Week |
| FrEx 10 | e-mail correspondence from John Franks to Meade Monger, dated March 14, 2007 re: Intercompany |
| FrEx 11 | e-mail correspondence from John Franks to Elayna Conner, dated March 15, 2007 re: Braden Europe Claims |

**M.** Robert Caruso Exhibits ("CaEx"):

| | |
|---|---|
| CaEx 3 | e-mail correspondence from John Cunningham to David Hillman, dated November 16, 2006 |
| CaEx 5 | e-mail correspondence from Jay Bradford to Brent Williams et al re : Pre-Petition Intercompany Summary, dated January 15, 2007 |

{B0712851;1}

**N.** Affidavit of Paul Summit Documents ("SumEx") A-G:

| | |
|---|---|
| Sum Ex A | e-mail from Kevin McGill to Thomas Kiriakos et al dated November 14, 2006 |
| Sum Ex B | e-mail from Brian Lavarnway to Robert Caruso dated October 13, 2006 |
| Sum Ex C | e-mail from Curtis Weidler to Matthew Brown dated November 2, 2006 |
| Sum Ex D | e-mail from Jeffrey Sabin to Kevin McGill et al, dated November 3, 2006 |
| Sum Ex E | e-mail from David Hillman to Gerard Uzzi et al, dated November 3, 2006 |
| Sum Ex F | e-mail from John Madden to Gerard Uzzi, dated November 3, 2006 |
| Sum Ex G | e-mail from John Franks to Timothy Sambrano, dated November 8, 2006 |

**O.** Affidavit of Patrick P. Dinardo Exhibits A-F:

| | |
|---|---|
| Ex. A | Summary of Schedules |
| Ex. B | Excerpt from proposed Disclosure Statement, filed September 10, 2007 |
| Ex. C | GPEG MOR 3 - Inter-Company Balances Listing at October 31, 2006 |
| Ex. D | Letter from Jeffrey Sabin to Patrick Dinardo, dated November 4, 2006 |
| Ex. E | Direct Payment Agreement, dated November 22, 2006 |
| Ex. F | PR Newswire Article, dated September 28, 2006 |

## ISSUES PRESENTED ON APPEAL

1. Where, as here, the Bankruptcy Court explicitly found that debtor and debtor-in-possession Deltak, LLC ("Deltak") owed fiduciary duties to creditor SNC during the course of negotiation of a Completion Agreement with SNC; and where, as here, the Bankruptcy Court explicitly found that information withheld by Deltak in negotiations with SNC would have influenced the negotiation of the Completion Agreement by SNC with Deltak; but where, as here, the Bankruptcy Court nevertheless found that Deltak was permitted to engaged in what the Bankruptcy Court termed "strategic behavior" with regard to withholding that information, did

{B0712851; 1}
10

the Bankruptcy Court err as a matter of law in sustaining the Estate Parties' objections to SNC's Proof of Claim No. 1099 filed against the estate of Deltak?

2. Did the Bankruptcy Court err in sustaining the Estate Parties' objections to SNC's Proof of Claim No. 1100 filed against the estate of debtor and debtor-in-possession Global Power Equipment Group, Inc. ("GPEG"), which was predicated on a guaranty theory of liability?

3. Did the Bankruptcy Court err as a matter of law in limiting its conclusions to whether or not the Debtors' conduct fell within the "intentional fraud and willful misconduct" exception contained within the completion agreement entered into between SNC and Deltak, while failing to consider SNC's claim that it was fraudulently induced to enter into the completion agreement?

4. Did the Bankruptcy Court err as a matter of law in failing to accord SNC the benefit of specific inferences of reliance, knowledge and intent to defraud that arise in favor of the plaintiff in an action for fraud where – as here – there exists a fiduciary relationship between plaintiff and defendant, or the plaintiff is compelled to rely on the disclosures of a defendant who controls all relevant information?  See, e.g., Gordon v. Bialystoker Ctr. & Bikur Cholim, Inc., 45 N.Y.2d 692 (1978); compare Di Maio v. State, 517 N.Y.S.2d 675 (Ct. Cl. 1987) (recognizing principle that fiduciary duty creates presumption in favor of plaintiff); see also Small v. Lorillard Tobacco Co., 679 N.Y.S.2d 593, 600 (1st Dep't 1998) (reliance on fraudulent statements or actions readily inferred where "defendants effectively controlled all the information about the transaction"), order aff'd, 698 N.Y.S.2d 615 (1999).

5. Did the Bankruptcy Court err as a matter of law in failing to apply binding precedent applicable to the circumstances of the instant case, see Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 325 (3rd Cir. 2003), whereby the Third

Circuit Court of Appeals held that a debtor's nondisclosure of an asset, even a "potential" asset, is unacceptable?

6. Did the Bankruptcy Court err as a matter of law in failing to apply binding precedent applicable to Deltak, GPEG and their affiliated debtors and debtors-in-possession (collectively, the "Debtors"), Delaware corporations and debtors-in-possession owing a fiduciary duty to creditors, after finding that the Debtors may have engaged in "strategic behavior" in the timing of the release of financial information to those creditors, including SNC, in order to induce them to waive rejection damages claims in the erroneous belief that those claims were essentially worthless? See Zirn v. VLI Corp., 621 A.2d 773 (Del. 1993)("Zirn I") (holding that a duty to disclose to beneficiaries of all material facts bearing upon a vote arises under fiduciary duties of care and loyalty); Zirn v. VLI Corp., 681 A.2d 1050 (Del. 1996) ("Zirn II") (holding that after a party chooses to make partial disclosure, it has an obligation to provide "an accurate, full, and fair characterization" of relevant events).

7. Did the Bankruptcy Court err as a matter of law in concluding that the Debtors did not fraudulently induce SNC to enter into a completion agreement with Deltak, in view of the Court's factual findings, *inter alia*, (i) that the Debtors may have engaged in "strategic behavior" towards the beneficiaries of their fiduciary duties, including SNC; and (ii) that SNC's expert witness correctly concluded that the Debtors' representation was inaccurate at the time the representation was made, when the Debtors asserted that GPEG's inter-company cash obligation to Deltak was "not quantified" at the time the parties' Completion Agreement was executed?

8. Was the Bankruptcy Court's finding that SNC had no practical alternative to entering into a Completion Agreement with Deltak that required SNC to surrender its rejection damages claim clearly erroneous in view of (i) the Court's findings that SNC witnesses "testified

credibly that there is 'no way' SNC would have entered into the completion agreement if they had known that Deltak held a claim against its parent in excess of $120 million" and that "based on the limited information available to [SNC], SNC's general unsecured rejection claim was either worthless or likely to recovery no more than 10%", (ii) the undisputed fact that SNC could have kept its rejection damages claim and used another contractor to finish Deltak's work, rather than entering into a completion agreement with Deltak, and (iii) the undisputed fact that the Debtors' own analysis showed that unsecured creditors, including SNC, could have recovered upon 80% of their claims if all inter-company debts were paid?

9. Did the Bankruptcy Court err as a matter of law in failing to consider SNC's legal argument that GPEG is liable to SNC on its parent guaranty on an agency theory, based upon the promise given to SNC by Monte Ness, a Senior Vice President of GPEG, who had apparent (if not actual) authority to grant SNC such a guaranty?

10. Did the Bankruptcy Court err as a matter of law in applying the Ontario Statute of Frauds to bar SNC's guaranty claim against GPEG, (i) rejecting SNC's legal argument that the "wider interest" exception took the guaranty out of the Ontario Statute of Frauds where GPEG wholly owned Deltak, sold its brands through its subsidiaries (including Deltak), and therefore had an interest in ensuring that SNC awarded a substantial contract to its subsidiary; and (ii) disregarding SNC's legal argument that GPEG was estopped from asserting the Statute of Frauds as a bar to SNC's claim, given GPEG's role in Deltak's promise to deliver the parent guaranty and its subsequent failure to do so?

11. Did the Bankruptcy Court err as a matter of law in failing to apply, on behalf of SNC, the equitable maxim that treats "as done that which should be done" in order to relieve a victim of the consequences of a wrongdoer's failure to act, where it was undisputed that GPEG

controlled Deltak; Deltak and GPEG (through its Senior Vice President) induced SNC's acceptance of Deltak's bid; and GPEG's parent guaranty was part of that inducement – particularly where the Debtors may have engaged in "strategic behavior" designed to induce their creditors to waive rights against Deltak?

12. Was the Bankruptcy Court's finding that GPEG's Senior Vice President, Monte Ness, denied having promised SNC a parent guaranty clearly erroneous in light of all of the evidence, including without limitation: (i) the Court's finding that SNC's witness, Gregory Tardanico, "testified credibly regarding his belief that he had been promised a parent guaranty by Mr. Ness"; (ii) undisputed documentary evidence presented by SNC of Ness' promise, including the contemporaneous written record by Tardanico of his conversation with Ness; and (iii) Ness' admissions, in sworn deposition testimony, that the guaranty was a "deliverable" under the contract between SNC and Deltak, and that he had no recollection sufficient to confirm or deny "one way or the other" his conversation with Tardanico?

Dated: January 7, 2008
      Wilmington, Delaware

WILLIAM D. SULLIVAN, LLC

Signed: _____
William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
(302) 428-8191

Patrick P. Dinardo
Paul E. Summit
Pamela Smith Holleman
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

Attorneys for Appellant, SNC-Lavalin Power Ontario, Inc.

# CERTIFICATE OF SERVICE

I, William D. Sullivan, do hereby certify I am not less than 18 years of age and that on this 7th day of January 2008, I caused a copy of the foregoing *Appellant's Designation of Record and Statement of Issues Pursuant to Federal Rule of Bankruptcy Procedure 8006* to be served upon the parties listed below by first class mail.

John K. Cunningham, Esq.
Frank L. Eaton, Esq.
Matthew C. Brown, Esq.
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Boulevard, 49th Floor
Miami, FL  33131

Jeffrey M. Schlerf, Esq.
Eric M. Sutty, Esq.
Mary E. Augustine, Esq.
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

Jeffrey S. Sabin, Esq.
David M. Hillman, Esq.
SCHULTE ROTH 7 ZABEL LLP
919 Third Avenue
New York, NY  10022

Adam G. Landis, Esq.
John H. Strock, Esq.
LANDIS RATH & COBB LLP
919 Market Street, Suite 600
Wilmington, DE  19801

Steven D. Pohl, Esq.
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA  02111

Howard L. Siegel, Esq.
BROWN RUDNICK BERLACK ISRAELS LLP
City Place I
185 Asylum Street
Hartford, CT  06103

Mark Minuti, Esq.
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899

David M. Klauder, Esq.
UNITED STATES TRUSTEE
844 King Street, Suite 2207
Wilmington, DE  19801

Under penalty of perjury, I declare that the foregoing is true and correct.

*January 7, 2008*
Date

*/s/ William D. Sullivan*
William D. Sullivan