IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| | : |
| GLOBAL POWER EQUIPMENT GROUP, | : Case No. 06-11045-BLS |
| INC., et al., | : Jointly Administered |
| | : |
| Debtors. | : |
| | : |
| SNC-LAVALIN POWER ONTARIO, | : |
| INC., | : |
| | : |
| Appellant, | : |
| | : |
| v. | : Civil Action No. 08-24-JJF |
| | : |
| GLOBAL POWER EQUIPMENT GROUP, | : |
| INC., et al., | : |
| | : |
| Appellees. | : |

Patrick P. Dinardo, Esquire; Paul E. Summit, Esquire and Pamela Smith Holleman, Esquire of SULLIVAN & WORCESTER LLP, Boston, Massachusetts.
William D. Sullivan, Esquire of SULLIVAN HAZELTINE ALLINSON LLC, Wilmington, Delaware.

Attorneys for Appellant.

Jeffrey M. Schlerf, Esquire; Scott G. Wilcox, Esquire and Eric M. Sutty, Esquire of BAYARD, P.A., Wilmington, Delaware.

Attorneys for Appellee, Global Power Equipment Group, Inc.

Jeffrey S. Sabin, Esquire; David M. Hillman, Esquire and Meghan M. Breen, Esquire of SCHULTE ROTH & ZABEL LLP, New York, New York.
Adam G. Landis, Esquire and Kerri K. Mumford, Esquire of LANDIS RATH & COBB LLP, Wilmington, Delaware.

Attorneys for Appellee, Deltak Plan Administrator.

Howard L. Siegel, Esquire of BROWN RUDNICK LLP, Hartford, Connecticut.

Steven D. Pohl, Esquire and John C. Elstad, Esquire of BROWN RUDNICK LLP, Boston, Massachusetts.
Mark Minuti, Esquire and Jeremy W. Ryan, Esquire of SAUL EWING, LLP.

Attorneys for Appellee, Official Committee of Equity Security Holders.

---

**MEMORANDUM OPINION**

December 16, 2008
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is an appeal from the December 21, 2007 Order of the Bankruptcy Court sustaining the objections of the Debtors and its Committees to Proofs of Claims submitted by Appellant, SNC-Lavalin Power Ontario Inc. ("SNC-Lavalin"). For the reasons discussed, the Court will affirm the Bankruptcy Court's Order.

## I.  THE PARTIES' CONTENTIONS

This dispute arises in connection with a contract awarded to Deltak, LLC ("Deltak") by SNC-Lavalin after a bidding process, in which Deltak was to provide heat recovery system generator equipment at a fixed contract price (the "Purchase Order") for SNC-Lavalin's project building a combined-cycle power generation facility in the City of Brampton, Ontario, Canada. After filing Chapter 11, the Debtors rejected the Purchase Order and entered into a Completion Agreement with SNC-Lavalin post-petition which provided for a waiver and "step down" of SNC-Lavalin's rejection damages claim against Deltak. By its appeal, SNC-Lavalin contends that Deltak and its parent corporation, Global Power Equipment, Inc. ("Global Power"), fraudulently concealed a significant asset from SNC-Lavalin, which SNC-Lavalin contends induced it to waive and "step down" its rejection damages claims against the estates of Deltak and Global Power. According to SNC-Lavalin, the Bankruptcy Court failed to provide SNC-Lavalin

2

with the favorable inferences of reliance, knowledge, intent and bad faith that should arise in circumstances where a debtor has failed to disclose a known asset.  In this regard, SNC-Lavalin contends that the Bankruptcy Court ignored its own factual findings demonstrating that the Debtors intentionally withheld information that their creditors would have considered relevant. SNC-Lavalin contends that under New York law, the waiver of its rejection damages claim should be voided because it was procured by fraudulent concealment and/or fraudulent inducement.  In the alternative, SNC-Lavalin contends that the Bankruptcy Court erred in failing to invoke the willful misconduct exception to the waiver and step down provided for in the Completion Agreement.

SNC-Lavalin also contends that Global Power is liable to SNC-Lavalin on the guaranty it promised on behalf of Deltak's performance.  In this regard, SNC-Lavalin contends that the Bankruptcy Court ignored the undisputed documentary evidence presented by SNC-Lavalin of the guaranty, as well as the Bankruptcy Court's finding that SNC-Lavalin's witness testified credibly regarding his belief that he had been promised a guaranty.  Additionally, SNC-Lavalin contends that the Bankruptcy Court ignored several of its legal theories supporting the guaranty including:  (1) its argument based on agency theory that Monte Ness, a senior vice president of Global Power had apparent, if not actual authority to grant SNC-Lavalin a guaranty; (2) its

3

argument that the "wider interest exception" takes the guaranty out of the Ontario Statute of Frauds; and (3) its argument under equitable principles that treats "as done that which should be done" to relieve a victim of the consequence's of a wrongdoer's failure to act.

In response, the Debtors contend that SNC-Lavalin's fraud theories are based on the flawed assumption that an intercompany claim owed to Deltak by Global Power represents a bona fide claim of Deltak against Global Power. The Debtors contend that this general ledger intercompany accounting balance represents the historical movement of cash and certain non-cash transactions between Global Power and Deltak. The Debtors point out that no determination was ever made by the Debtors' management or by the Bankruptcy Court as to whether the transfers giving rise to these balances were loans from Deltak to its parent or dividends from Deltak to its parent, and the Debtors contend that the Bankruptcy Court did not err in concluding that the Debtors made a legitimate business call to include an explanatory note in their schedules of assets and liabilities stating that intercompany balances were not "quantified."

With respect to the alleged guaranty, the Debtors contend that Global Power never executed a written guaranty and therefore, the statute of frauds prevents the enforcement of the alleged guaranty. The Debtors also contend that the Bankruptcy

4

Court did not err in rejecting SNC-Lavalin's other legal theories for enforcing a guaranty.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

## III. DISCUSSION

Reviewing the findings of fact and conclusions of law rendered by the Bankruptcy Court on the record in connection with its trial on this matter, the Court concludes that the Bankruptcy Court did not err in sustaining the Debtors' objections to SNC-Lavalin's Proofs of Claim. (D.I. 12; Exh. 30 at 160-179). SNC-Lavalin selectively quotes from the Bankruptcy Court's oral ruling to demonstrate what it contends are factual findings favoring a conclusion that SNC-Lavalin was fraudulently induced into waiving its claims. However, a complete review of the Bankruptcy Court's rationale demonstrates that those quotations are taken out of context, and in light of the record as a whole, do not require a reversal of the Bankruptcy Court's decision. The Bankruptcy Court thoroughly considered the evidence before it and concluded that there was insufficient evidence to support SNC-Lavalin's argument that the Debtors intentionally or willfully concealed assets or liabilities from creditors. While the Bankruptcy Court stated that SNC-Lavalin may have negotiated a different deal if it knew specifics about the intercompany claims, the Bankruptcy Court noted that SNC-Lavalin's primary concern was completing the project, and as a practical matter, SNC-Lavalin had no option other than to maintain its relationship with Deltak. The Bankruptcy Court went on in great detail to explain that the record did not support a finding of fraud. The

assets which SNC-Lavalin contends were not disclosed were intercompany balances, and as the Bankruptcy Court noted, the record shows that the Debtors made a legitimate business call to delay disclosing specific information related to those assets until it was more accurate.  In light of the record adduced at the trial, the Court cannot conclude that these findings of fact and conclusions of law were erroneous.

The Court further concludes that the legal authority cited by SNC-Lavalin supporting its argument that it is entitled to certain legal inferences based on SNC-Lavalin's fiduciary relationship with the Debtors is distinguishable.  Notably, the cases cited by SNC-Lavalin do not involve the type of sophisticated business parties engaged in the transactions in this case.  See e.g., Gordon v. Bialystoker Ctr. & Bikur Cholim, Inc., 45 N.Y.2d 692, 698 (N.Y. 1978) (permitting burden shifting in the context of an action by a decedent's estate to recover a gift on the grounds that the gift was made by the decedent under duress where the decedent was an 85 year old, infirm woman).

As for the issue of the alleged guaranty, the Court likewise concludes that the Bankruptcy Court did not err in concluding that the evidence was insufficient to support a finding that a parent guaranty was made by Global Power to SNC-Lavalin.  As the Bankruptcy Court noted, there is no written guaranty.  That the Bankruptcy Court credited Mr. Tardanico's <u>belief</u> that a guaranty

7

had been promised does not mean that Mr. Tardanico's belief was accurate or sufficient to establish that a guaranty was in fact made. As the Bankruptcy Court pointed out, key witnesses testified that no guaranty was ever promised or approved, and there is a lack of any corporate documentation showing that approval for a parent corporate guaranty was sought. In addition, Mr. Tardanico testified that the terms of a guaranty were never fully negotiated. In the Court's view, this testimony further supports the Bankruptcy Court's finding that no guaranty was promised. Because the Bankruptcy Court did not err in finding that a guaranty was never promised, the Court cannot conclude that the Bankruptcy Court erred in failed to consider SNC-Lavalin's agency theory, which is predicated on the assumption a guaranty was promised. With respect to the exceptions to the statute of frauds relied upon by SNC-Lavalin, the Court also agrees with and adopts the Bankruptcy Court's findings of facts and conclusions of law that such exceptions are not supported by the record in this case.

## IV. CONCLUSION

For the reasons discussed, the Court will affirm the Bankruptcy Court's December 21, 2007 Order.

An appropriate Order will be entered.